IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF SOUTH CAROLINA

| John C. Robinson, #97584, | ) | C/A No.: 1:16-3324-TMC-SVH |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| The State of South Carolina Department of Probation, Parole, and Pardon Services and Warden of Broad River Correctional Institution, | ) | |
| Respondents. | ) | |

John C. Robinson ("Petitioner") is an inmate at Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on the motions of the State of South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS") for summary judgment and of the Warden of Broad River Correctional Institution ("Warden") to dismiss. [ECF Nos. 18, 32]. SCDPPPS filed its motion for summary judgment and return on January 10, 2017, and March 7, 2017. [ECF Nos. 18, 35]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion of SCDPPPS' motion by February 13, 2017. [ECF No. 19]. Petitioner failed to respond. The court issued an order on February 16, 2017, directing Petitioner to advise

the court whether he wished to continue with his case and to file a response to the motion by March 2, 2017. [ECF No. 26]. In response to the February 16, 2017 order, Petitioner advised the court he had not received a copy of the motion, and the court mailed a copy of the same to Petitioner. [ECF Nos. 28, 29]. The court also issued a new *Roseboro* order advising Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion by April 3, 2017. [ECF No. 30]. On March 3, 2017, the Warden filed his first motion to dismiss and return for failure to state a claim. [ECF No. 32, 35]. The court issued another *Roseboro* order on March 3, 2017, advising Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Warden's motion by April 3, 2017. [ECF No. 33]. Petitioner filed a response in opposition to the motions on April 6, 2017. [ECF No. 37].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the motions be granted.

I. Factual and Procedural Background

On September 18, 1979, Petitioner was convicted and sentenced for an armed robbery he committed on April 12, 1979. [ECF No. 18-2 at 3]. On June 3, 1986, the South Carolina legislature enacted a law that denied parole eligibility for persons convicted of a second or subsequent violent crime would not be eligible for parole. *See* S.C. Code Ann § 24-21-640 (1986); ECF No. 18-2 at 2. Also effective on June 3, 1986, South Carolina laws were amended to classify violent and non-violent crimes, such that armed robbery, criminal sexual conduct ("CSC"), and kidnapping were identified as

2

violent crimes. *See* S.C. Code Ann § 16-1-60 (1986); ECF No. 18-2 at 3. On January 21, 1987, following a jury trial, Petitioner was convicted of CSC first degree that occurred on on August 9, 1986. [ECF No. 18-2 at 2]. The kidnapping and CSC were committed *Id.* Petitioner was sentenced to life for kidnapping and 30 years for CSC. [ECF No. 1-4 at 1]. Based on parole-eligibility legislation that became effective in June 1986, SCDPPPS determined Petitioner was not eligible for parole, as he had been convicted of a subsequent violent offense. *See* S.C. Code Ann. §§ 16-1-60, 24-21-640 (1986) (both later amended); [ECF No. 18-2].

On January 1, 1994, S.C. Code Ann. § 16-1-60 was amended to change the definition of violent offender to exclude crimes committed prior to June 3, 1986. S.C. Code Ann. § 16-1-60 (1994)[1]; [ECF No. 18-2 at 3]. Under this change, Petitioner became eligible for parole, and on November 30, 1994, Petitioner appeared before the Parole Board, which denied him parole. [ECF No. 18-2 at 3]. On January 12, 1995, S.C. Code § 16-1-60 was amended such that inmates were considered violent if they were serving sentences for violent crimes committed before and after June 3, 1986. *See* S.C. Code § 16-1-60 (1995); [ECF NO. 18-2 at 3].[2] On May 10, 1995, Petitioner was notified that, based on changes in South Carolina law, he was no longer parole eligible due to his violent convictions in 1979 and 1987. [ECF No. 18-1].

---

[1] The 1993 amendment added § 16-1-60(B): For a person to be considered guilty of a violent crime, the offense must be defined as a violent crime pursuant to subsection (A) at the time of the commission of the crime. S.C. Laws, Act of 1993, No. 184, § 8 (eff. Jan. 1, 1994).

[2] The referenced 1995 amendment deleted former subsection (B). S.C. Laws, Act of 1995, No. 7, Part I, § 3 (effective upon approval (became law without the Governor's signature on January 12, 1995)).

3

Petitioner filed this federal petition for a writ of habeas corpus on September 30, 2016. [ECF No. 1].[3]

II.  Discussion

    A.    Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**    Consecutive Sentences

    Supporting Facts: The State Department of Probation, Parole, and Pardon Services has me doing or serving the life sentence first and I will never be able to start on the thirty years sentence …

**Ground Two:**    Ex Post Facto Clause

    Supporting Facts: I was sentenced under the guidelines in effect at the time of my sentencing when those guidelines produced a harsher than one permitted under the guidelines in effect at the time the crime is or was committed and disadvantage the offender by it, increasing the punishment for the crime, by increasing my punishment or sentence into a natural life sentence – In which I was not sentenced, too . . .

**Ground Three:**    Parole Eligibility

    Supporting Facts: I had an annual review of a parole eligibility when I was sentenced to my time; I know, I'm not guaranteed to be parole, but at the time I was sentenced or the commission and conviction of my crime – my potential sentence included a parole eligibility. To deny me this eligibility after my conviction affects the very nature of my punishment.

[ECF No. 1-4 at 5–8] (errors in original).

---

[3] The petition was received and docketed by the court on October 6, 2016. [ECF No. 1-2 at 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition reflects it was deposited in the SCDC mailing system on September 30, 2016. *Id.*

B.  Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.  Habeas Corpus Standard of Review

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521

5

U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

    D.    Analysis

        1.    Merits Review

            a.    Ground One

In Ground One, Petitioner argues the SCDPPPS "has me doing or serving the life sentence first and I will never be able to start on [my] thirty years sentence." [ECF No. 1 at 5]. Claims of alleged errors in state law, including alleged errors in sentencing calculations, are not cognizable on federal habeas review. *Thomas v. Taylor*, 170 F.3d 466, 470 (4th Cir. 1999) (holding that an allegation of sentencing error was a state law claim for which "federal habeas review simply does not lie"); *Dennis v. Poppel*, 222 F.3d

1245, 1258 (10th Cir. 2000) (noting state sentencing issues, including whether sentences are to be served concurrently or consecutively, are not cognizable on federal habeas review); *Coleman v. Koloski*, 415 F.2d 745, 746 (6th Cir. 1969) (explaining the application of state sentencing laws governing consecutive sentencing does not present a federal constitutional question). Accordingly, Petitioner's claims concerning the service of his kidnapping and CSC sentences fail to state a claim upon which habeas relief may be granted.

        b.        Grounds Two and Three

In Ground Two, Petitioner alleges his ex post facto rights were violated because he was sentenced under the guidelines in effect at the time of his sentencing, and he claims these guidelines were harsher than the guidelines in effect at the time he committed the crimes. [ECF No. 1 at 7]. Petitioner claims when he was sentenced, he was eligible to an annual review of his parole eligibility. *Id.* at 8. Petitioner argues the subsequent denial of parole eligibility affects the nature of his punishment. *Id.*

SCDPPPS argues Petitioner is being denied parole eligibility due to Petitioner's subsequent classification as a violent offender, which was the law that existed at the time Petitioner committed his crime. [ECF No. 18 at 3–4]. SCDPPPS claims Petitioner had a previous conviction for armed robbery at the time he committed kidnapping and CSC, and under South Carolina law, Petitioner is not eligible for parole. *Id*. at 4–5.

In response, Petitioner claims his 1979 conviction for armed robbery was not considered a violent crime. [ECF No. 37 at 1]. Petitioner argues the 1995 amendment to the violent crime statute caused the SCDPPPS to deny him a parole hearing based on the

7

finding that Petitioner's 1987 conviction was his second or subsequent conviction for a violent crime. *Id.* Petitioner argues his 1987 conviction was his only violent crime conviction and he should therefore be eligible for parole. *Id.*

Under the Ex Post Facto Clause of the United States Constitution, a state is prohibited from passing a law that (1) "makes an action done before the passing of the law, and which was innocent when done, criminal;" (2) "aggravates a crime, or makes it greater than it was, when committed;" (3) "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed;" or (4) "alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001); *see also* U.S. Const. art. I, § 10. cl. 1.

Petitioner's claim that the 1995 amendment to the violent crime statute violated the ex post facto clause is without merit. At the time Petitioner was convicted and sentenced in 1987, he was not eligible for parole. Petitioner then became eligible for parole in 1994 following an amendment to S.C. Code Ann. § 16-1-60. When S.C. Code § 16-1-60 was amended again in 1995, Petitioner lost parole eligibility and was returned to the status quo of his 1987 conviction. Because the 1995 amendment did not change or increase Petitioner's punishment for his 1987 conviction, Petitioner fails to state a cognizable habeas claim. *See Garner v. Jones*, 529 U.S. 244, 255 (2000) (requiring a prisoner to show that "as applied to his own sentence the law created a significant risk of increasing his punishment"); *Weaver v. Graham*, 450 U.S. 24, 30–31 (1981) (holding that a statute violates the Ex Post Facto Clause only "if it is both retrospective and more

onerous that the law in effect on the date of the offense"). To the extent Petitioner argues the reclassification of his 1979 armed robbery as a violent crime violates the ex post facto clause, his claim also fails. Petitioner cannot show that this change in classification increased the penalty for his 1979 conviction. Petitioner has not alleged he served any additional time, or that the change affected his parole, for the 1979 conviction. Petitioner is not entitled to federal habeas relief on this ground. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable, or that the South Carolina courts reached an unreasonable factual determination given the evidence and record before it. *See Williams,* 529 U.S. at 410.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant the motion of SCDPPPS for summary judgment [ECF No. 18] and the Warden's first motion to dismiss [ECF No. 32] and dismiss the petition with prejudice.

IT IS SO RECOMMENDED.

June 19, 2017  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).